CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 1 2008

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **GARY ISAAC WITCHER,** | ) |
|     **Plaintiff,** | )    Civil Action No. 7:08-cv-00304 |
| | ) |
| v. | )    **MEMORANDUM OPINION** |
| | ) |
| **ROANOKE CITY JAIL, et. al.,** | )    By: Hon. James C. Turk |
|     **Defendants.** | )    Senior United States District Judge |

Plaintiff Gary Isaac Witcher, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Witcher alleges that as an inmate of the Virginia Department of Corrections ("VDOC") who is housed temporarily in the Roanoke City Jail ("the jail"), he is being charged $1.00 per day to cover the costs of his room and board, in violation of his constitutional rights. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

As an initial matter, Witcher has not named appropriate defendants for a § 1983 lawsuit. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a "person" acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Neither the jail nor the VDOC are persons subject to suit under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-70 (1989); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Witcher's allegations, however, fail to state any actionable claim against anyone. A state prison or jail's practice of charging inmates a nominal fee to help cover the costs associated with feeding and housing those inmates is neither cruel and unusual punishment in violation of the Eighth Amendment nor a violation of the equal protection guarantee of the Fourteenth Amendment. See Waters v. Bass, 204 F. Supp. 2d 802, 806-11 (E.D. Va. 2004). Moreover, an inmate classified for the VDOC has no constitutional right to be housed in a VDOC facility, and housing him in a local jail for a time does not implicate his due process rights. Id. at 805.

Under these principles, Witcher's § 1983 claims fail. He has no right to be transferred to a VDOC facility, and the $1.00 per day room and board fee he is being charged while at the jail does not violate his equal protection rights or implicate the Eighth Amendment. The court will summarily dismiss Witcher's complaint accordingly, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of May, 2008.

/s/ James C. Turk
Senior United States District Judge

2